**STATE of Minnesota, Respondent,**

v.

**John HAMMER, Appellant.**

**No. C1–85–1709.**

Court of Appeals of Minnesota.

May 27, 1986.

Hubert H. Humphrey, III, Atty. Gen., Richard Coleman, Michael L. Driscoll, City Attorney's Office, Crim. Div., St. Paul, for respondent.

John Hammer, pro se.

Considered and decided by POPOVICH, C.J., and NIERENGARTEN and RANDALL, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

John Hammer appeals his conviction for impersonating an officer under Minn.Stat. § 609.475 (1984), claiming he was arrested without probable cause and the evidence was insufficient to support his conviction. We affirm.

## FACTS

On the morning of July 17, 1984, St. Paul police officers were dispatched to investigate two suspicious parties in a truck parked at 510 North Prior Avenue in St. Paul. Upon arrival, the officers approached a parked tan truck. They encountered appellant, who was sitting in the driver's seat, and asked for identification. Appellant told the police to move their cars back because he and his partner were watching a person they suspected of burglarizing the home of the other person in appellant's vehicle. Appellant was wearing a badge bearing the words "Glacier Park Sheriff's Department Deputy." He repeatedly told the officers he was a United States Marshall. Appellant was moved outside the vehicle and his partner leaned to look out the driver's window. Appellant was arrested for impersonating a federal officer and the vehicle's other occupant moved quickly over to the passenger side. Officers observed a liquor bottle hanging out of the truck's glove compartment. They removed the other occupant from the vehicle. In the process, they observed a loaded .22 magnum derringer on the front seat.

The officers took the gun, badge and suspects to police headquarters. Appellant was charged with impersonating a federal officer. On August 14, 1985, a jury trial commenced. Appellant, appearing pro se, was subsequently convicted.

## ISSUES

1. Was there probable cause to arrest appellant?

2. Was the evidence sufficient to support the jury's finding appellant guilty of impersonating an officer?

## ANALYSIS

1. A warrantless arrest is legal if:
an officer in the particular circumstances, conditioned by his observations and

information and guided by all of his police experiences, could reasonably have believed that a crime had been committed by the person to be arrested.

*State v. McConoughey,* 282 Minn. 161, 164, 163 N.W.2d 568, 571 (1968) (quoting *State v. Bean,* 280 Minn. 35, 41, 157 N.W.2d 736, 740 (1968)).

Appellant was convicted under Minn. Stat. § 609.475 which states:

> Whoever falsely impersonates a police or military officer or public official with intent to mislead another into believing that he is actually such officer or official is guilty of a misdemeanor.

*Id.*

 Here, the officers had been dispatched to the scene to investigate two suspicious persons in a truck. Upon arriving, the officers asked appellant, who was seated in the truck, for identification. Appellant, wearing a badge at the time, repeatedly told the officers he was a United States Marshall and that he and his partner were "staking out" a suspect that they believed had burglarized his partner's home. These circumstances were sufficient to justify appellant's arrest for impersonating an officer.

Appellant argues probable cause to arrest him did not exist because the "suspect" knew him. This is irrelevant to whether circumstances existed to justify his arrest.

2. The basic principles for evaluating the sufficiency of the evidence were stated by the Minnesota Supreme Court in *State v. Merrill,* 274 N.W.2d 99 (Minn.1978):

> We cannot retry the facts, but must take the view of the evidence most favorable to the state * * *. If the jury * * * could reasonably have found the defendant guilty, that verdict will not be reversed.

*Id.* at 111 (citations omitted).

The testimony of the arresting officers indicates appellant repeatedly told them he was a United States Marshall and he and his partner were staking out a suspect. Appellant admitted he was wearing a badge and he made representations to the effect that he was a "Sheriff, United States of America," but said he never intended to convince the officers he was a police officer. The record taken as a whole indicates it was reasonable for the jury to conclude appellant was guilty of impersonating a police officer.

3. Appellant contends the State's failure to produce the badge resulted in prejudice against him at trial. The badge could not be produced because it had been mistakenly destroyed by the police. However, appellant was not prejudiced. Appellant admitted he wore the badge just prior to being arrested. This testimony was corroborated by the arresting officers. The evidence was sufficient to support the jury's finding of guilt without the badge being admitted as evidence.

## DECISION

Probable cause existed to arrest appellant. The record as a whole indicates the evidence was sufficient to support the jury's finding appellant guilty of impersonating an officer.

Affirmed.